IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Wendy A. Bouchard, ) | C/A No.: 3:11-982-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| John E. Potter, Postmaster General, ) | |
| United States Post Office, ) | |
| ) | |
| Defendant. ) | |
| ) | |

  Plaintiff Wendy A. Bouchard ("Plaintiff") filed this employment action against Postmaster General John E. Potter ("Defendant") on April 25, 2011, asserting claims for: (1) hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"); (2) retaliation in violation of Title VII; (3) breach of contract; and (4) breach of implied duty of good faith and fair dealing. [Entry #1]. This matter comes before the court on Defendant's motion for summary judgment filed June 25, 2012. [Entry #20]. Plaintiff filed a response on August 1, 2012. [Entry #23].

  All pretrial proceedings in this case were referred to the undersigned on January 1, 2012 pursuant to the provisions 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion for summary judgment is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends that Defendant's motion for summary judgment be granted.

I.     Factual Background

Plaintiff worked full time as a Temporary Relief Carrier at the Batesburg-Leesville Post Office ("the Post Office") from April 13 until October 27, 2009, when she was informed of her termination. [Entry #1 at 2; Entry #20-1 at 1]. Plaintiff's job responsibilities also included yard work. Plaintiff claims that she was subjected to a sexually hostile work environment by Lori Kern, the postmaster at the Post Office, who was allegedly a lesbian. Plaintiff alleges that Kern made the following comments to her, which form the basis of her hostile work environment claim:

- In handing her some garden tools, Kern allegedly said, "you must be special as I don't let others use my hoe." [Entry #20-2 at 9];

- When plaintiff came into the Post Office covered with scratches from prickly bushes, Kern allegedly said, "Better you than me[.] I vowed I would never let a prick touch me again." *id*. at 6;

- In answering Plaintiff's questions concerning how the shrubs should be trimmed, Kern allegedly said, "You want to know how I like my bush shaped?" *Id*. at 10.[1]

At her deposition Plaintiff testified that when she first started work at the Post Office, Kern invited her to Kern's lake home. [Entry #20-1 at 3].[2] Plaintiff alleges that employees who went to Kern's house to go on the boat were treated more favorably than

---

[1] Although Plaintiff asserts in her EEO claim that she was also discriminated against based on religion, she does not assert this claim in her complaint and appears to have abandoned it. [Entry #20-3; Entry #1]. As such, the undersigned has not listed facts relevant to such a claim.

[2] Plaintiff's deposition had not been transcribed at the time Defendant filed its motion and neither party has supplemented the record to include the deposition. Therefore, the undersigned considers such facts undisputed for the purposes of this summary judgment motion pursuant to Fed. R. Civ. P. 56(e)(2).

2

those who did not. [Entry #23 at 3]. Plaintiff states that, at some point, she informed Kern that she was not gay, and "shortly thereafter" Kern took work away from her and gave it to another female.[3]

Additionally, Plaintiff alleged in her affidavit that "[e]very employee in [the Post Office] has been yelled at on [] any given day." [Entry #20-2 at 16]. In response to an inquiry about other specific examples of harassment or hostile work environment, Plaintiff stated that "it is more of any ongoing tense atmosphere where everyone is afraid to talk. . . . [E]veryone has experienced Lori's rudeness." *Id.* at 19.

On October 27, 2009, Plaintiff's supervisor, Betty Annis, informed her that Kern had directed Annis to fire her. [Entry #23 at 4]. Plaintiff contacted an EEO counselor on October 29, 2009. [Entry #20-3]. After receiving a Right to Sue letter on February 28, 2011, Plaintiff filed her complaint in this court on April 25, 2011. [Entry #1].

II.     Discussion

    A.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non–movant to set forth specific facts showing that there is a genuine issue for

---

[3] Neither party has specified an approximate date that Plaintiff's work was allegedly reassigned or what type of work was reassigned. However, Plaintiff's affidavit indicates that her yard work responsibilities were reassigned to another female. [Entry #20-2 at 15].

3

trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

      B.      Plaintiff's Title VII claims

Plaintiff's complaint states claims for hostile work environment and retaliation in violation of Title VII. [Entry #1 at 2–3]. In her response to summary judgment, Plaintiff argues she has also shown a claim for *quid pro quo* sexual harassment.  [Entry #23 at 7].

      1.      Hostile Work Environment Claim

Plaintiff claims Kern's conduct created a hostile work environment. Defendant argues that Plaintiff's claim for hostile work environment is barred because she did not timely exhaust her administrative remedies. A federal employee who believes she has been subjected to discriminatory treatment on the basis of sex must consult a counselor "within 45 days of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a). Plaintiff first contacted the EEO counselor on October 29, 2009. Therefore, the 45-day rule bars all claims arising 45 days prior to October 29, 2009 — that is all claims arising prior to September 14, 2009.

4

Here, Plaintiff has not alleged any unwelcome sexual conduct that occurred on or after September 14, 2009. Plaintiff alleges the comment about prickly bushes was made at the "end of July[,] beginning of August 2009" (Entry #20-2 at 6); the comment regarding the garden hoe was made "the next day" (Entry #20-2 at 9); and the comment regarding the shape of the bushes was made in the "beginning of August" (Entry #20-2 at 10).[4] Because Plaintiff has not alleged any relevant conduct occurring after September 14, 2009, her claim for hostile work environment is barred for failure to exhaust her administrative remedies, and the undersigned recommends Defendant be granted summary judgment on this claim.

Even if Plaintiff's hostile work environment claim were not time-barred, Plaintiff has failed to make a prima facie case for such a claim. To establish a prima face showing of a hostile work environment under Title VII, "a plaintiff must show 'that the offending conduct (1) was unwelcome, (2) was because of her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer.'" *Ziskie v. Mineta*, 547 F.3d 220, 224 (4th Cir. 2008) (quoting *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (en banc)).

Assuming the offending conduct was unwelcome and because of Plaintiff's sex, establishing the third element requires that Plaintiff show that the work environment was

---

[4] Although Plaintiff asserts in her response to summary judgment that the conduct Plaintiff complains of continued up to October 27, 2009 (Entry #23 at 8), she has failed to cite any evidence showing unwelcome conduct based on her sex after September 14, 2009.

5

not only subjectively hostile, but also objectively so. *See EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). Such proof depends upon the totality of the circumstances, including "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). In the instant case, the three comments Plaintiff alleges are not sufficiently severe and pervasive to show a hostile work environment, as they were limited to a few ambiguous sexual innuendos. *See Hopkins v. Baltimore Gas and Elec. Co.*, 77 F.3d 745, 753–54 (4th Cir. 1996) (affirming the grant of summary judgment and noting that most of the conduct complained of was limited to ambiguous sexual innuendos and the record was devoid of overt sexual propositions). Additionally, although Plaintiff complains that Kerns was otherwise hostile after the sexual comments ceased, Plaintiff has not shown such conduct was based on her sex, and instead alleges that everyone in the Post Office has been yelled at and "experienced Kern's rudeness." [Entry #20-2 at 16, 19]. To the extent the district judge finds Plaintiff timely exhausted her administrative remedies, the undersigned recommends Defendant be granted summary judgment for failure to set forth a prima facie case of hostile work environment.

    2.    Retaliation Claim

Title VII forbids employers from retaliating against their employees for exercising their rights under the statutes, which are considered "protected activities." 42 U.S.C. § 2000e–3(a); 29 U.S.C. § 623(d). "Protected activities fall into two distinct categories:

participation or opposition . . . . An employer may not retaliate against an employee [for] participating in an ongoing investigation or proceeding . . . nor may the employer take adverse employment action against an employee for opposing discriminatory practices in the workplace." *Laughlin v. Metropolitan Washington Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998).

Retaliation cases under Title VII proceed according to the well-known three-step burden shifting process first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, the plaintiff must make a prima facie case of retaliation by producing evidence that (1) she engaged in protected activity; (2) an adverse employment action was taken against her; and (3) there was a causal link between the protected activity and the adverse action. *Laber v. Harvey*, 438 F.3d 404, 432 (4th Cir. 2006) (analyzing retaliation claims under the ADEA and Title VII simultaneously).

To the extent Plaintiff attempts to bring a retaliation claim, she has failed to set forth a prima facie case. First, Plaintiff has not specified a protected activity in which she engaged. Although her complaint alleges she was terminated for complaining of Kern's conduct, Plaintiff's EEO affidavit indicates she never made a complaint. [Entry #20-2 at 8, 11, and 17]. Assuming *arguendo*, that she alleges her protected activity was contacting the EEO counselor, she cannot show a causal connection between the contact and her termination, as she was informed she would be terminated on October 27, 2009 and did not contact the EEO until October 29, 2009. Therefore, the undersigned recommends that Defendant be granted summary judgment with regard to Plaintiff's claim for retaliation.

### 3.    *Quid Pro Quo* Harassment Claim

Plaintiff argues in her response to summary judgment that she has set forth a claim for *quid pro quo* harassment. [Entry #23 at 7]. A review of Plaintiff's complaint reveals that she did not plead a claim for *quid pro quo* sexual harassment under Title VII. Plaintiff's first cause of action states in relevant part: "Plaintiff was subjected to a hostile work environment on account of her sex.  After she complained, Plaintiff was further harassed and ultimately terminated in retaliation for her complaining about her supervisor's unlawful actions." [Entry #1 at ¶ 14].

Despite being characterized as one cause of action, the court has liberally construed Plaintiff's complaint as pleading claims for both hostile work environment and retaliation.  However, there is no indication in the complaint that Plaintiff intended to bring a cause of action for *quid pro quo* harassment.  As such, consideration of *quid pro quo* harassment is not before the court.  Additionally consideration of such a claim now would unduly prejudice Defendant without prior notice and after the conclusion of discovery. *Hedberg v. Darlington County Disabilities and Special Needs Bd.*, 133 F.3d 915 (Table), 1997 WL 787164 (4th Cir. 1997) ("The addition of a new cause of action and reinstatement of previously dismissed Plaintiffs, on the eve of trial and after discovery was completed, would have further delayed disposition of the lawsuit and prejudiced the Board."); *see also Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987) (finding that a motion to amend may be denied where the motion has been unduly delayed and would prejudice the nonmovant).  Therefore, the undersigned recommends the district judge find that Plaintiff has not properly alleged a claim for *quid pro quo* harassment.

      C.      Plaintiff's State Law Claims

Defendant argues that Plaintiff's state-law claims for breach of contract and breach of the duty of good faith and fair dealing are preempted because they are premised on the same facts as her Title VII claims and Title VII is the exclusive remedy for all claims arising out of employment discrimination in the federal government. [Entry #20-1 at 8]. Plaintiff appears to agree, as her response to summary judgment indicates that "[s]ince it is clear that Bouchard's Title VII claims must be tried by a jury and that if she prevails on those claims she will receive complete relief, she voluntarily dismisses her breach of contract claims." [Entry #23 at n. 4]. Although the undersigned is recommending summary judgment on Plaintiff's Title VII claims, Plaintiff's breach of contract claims should nevertheless be dismissed because they are based on the same allegations as her Title VII claims and Title VII is the exclusive remedy for claims of employment discrimination in the federal government. *Brown v. General Service Admin.*, 425 U.S. 820, 829 (1976) (holding that Title VII "provides the exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination."). Therefore, the undersigned recommends Defendant be granted summary judgment on these claims.

III.    Conclusion

For the foregoing reasons, it is recommended that Defendant's motion for summary judgment [Entry #20] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 14, 2012                                     Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).