IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Wendy A. Bouchard, | ) | C/A No. 3:11-982-CMC-SHV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| John E. Potter, Postmaster General | ) | |
| United States Post Office, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Through this action, Plaintiff, Wendy A. Bouchard ("Bouchard"), seeks recovery from her former employer, Postmaster General John E. Potter ("Potter"), for alleged gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). Bouchard also advances state-law causes of action relating to her termination.

The matter is before the court on Potter's motion for summary judgment. Dkt. No. 20. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On December 14, 2012, the Magistrate Judge issued a Report recommending that Potter's motion for summary judgment be granted. Dkt. No. 24. Bouchard filed timely objections on January 2, 2013 (Dkt. No. 25). For the reasons stated below, Potter's motion for summary judgment is granted in part and denied in part.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific

objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  In the absence of an objection, the court reviews the Report and Recommendation only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## BACKGROUND

Bouchard alleges that she was "subjected to a hostile work environment on account of her sex" and, "[a]fter she complained, . . . was further harassed and ultimately terminated in retaliation for her complaining about her supervisor's unlawful actions."  Complaint ¶ 14.  She seeks redress for these allegations under Title VII and also advances two contract-based state-law claims.

In response to Potter's motion, Bouchard conceded that she had not engaged in protected activity prior to her termination.  She argued that this fact was not dispositive because her allegation of "retaliation" should be characterized as a claim for *quid pro quo* discrimination.  Specifically, she argued that she was subjected to adverse treatment and eventual termination because she rejected the advances of her supervisor, the local postmaster.  Dkt. No. 23 at 7.

Potter did not respond to this characterization of Bouchard's claim by filing a reply in support of summary judgment.[1]  The Report, nonetheless, recommended that the court reject this characterization of Bouchard's Title VII claim as belated and unduly prejudicial because it was not raised until after the close of discovery.  The Report, therefore, recommended that Potter's motion for

---

[1] Replies in support of motions are permitted, though discouraged, by Local Civil Rule 7.07, D.S.C.  A reply is, nonetheless, appropriate if a party raises a new and unexpected legal theory in response to a motion for summary judgment.

summary judgment be granted in full as to the Title VII claim. It also recommended that summary judgment be granted as to the two state-law claims.

In her objections, Bouchard appears, initially, to object to all recommendations relating to her Title VII claim.[2] Her specific arguments, however, focus on a characterization of her Title VII claim as a claim for *quid pro quo* discrimination. For example, she asserts that the allegations and factual record support finding that "her rejection of the harassment was the cause of her termination." Dkt. No. 25 at 6. She concedes that her "complaint in-artfully alleges [that she] 'complained' of [the postmaster's] harassment when a clear allegation would have been to say that she simply rejected the advances[.]" Potter did not respond to this objection.

## DISCUSSION

The court adopts the reasoning and recommendations of the Report to the extent it recommends that the court grant summary judgment on Bouchard's state-law claims, recommendations that Bouchard does not oppose. *See supra* n. 2. The court also adopts the reasoning and recommendations of the Report as to the Title VII claim to the extent it advances claims for hostile environment or retaliation.

The court declines to adopt the Report to the extent it forecloses a claim for *quid pro quo* discrimination. The court reaches this conclusion because Potter has not presented any opposition to this characterization of Bouchard's Title VII claim, despite two opportunities to do so. Under these circumstances, there is no basis on which to conclude that allowing this characterization would result in undue prejudice to Potter. Neither has Potter presented any argument as to why such a claim would not be legally viable.

---

[2] Bouchard "does not object to the recommendation that Defendant be granted summary judgment on her second and third causes of action." Dkt. No. 25 at 6 n.1 (referring to state-law claims).

**CONCLUSION**

For the reasons set forth above, the court grants summary judgment as to the second and third causes of action, and limits the first cause of action to a claim for *quid pro quo* discrimination. The matter shall proceed to trial under the following schedule:

1.  Mediation, pursuant to Local Civil Rules 16.04 –16.12, shall be completed in this case on or before March 18, 2013. *See* Standing Order to Conduct Mediation 4:00-mc-5001, which sets forth mediation requirements and is found on the court's website under Judge Currie's forms (http://www.scd.uscourts.gov).

2.  No later than March 25, 2013,  the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4). *See* Local Civil Rule 30.03(J) (video deposition additional requirements).

3.  Motions in limine must be filed at least three weeks prior to jury selection.

4.  Parties shall furnish the court pretrial briefs five (5) business days prior to the date set for jury selection (Local Civil Rule 26.05).[3]  Attorneys shall meet at least five (5) business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule 26.07.

5.  This case shall be called for trial during the May 2013 term of court, with jury selection set for May 30, 2013.

   **IT IS SO ORDERED.**

                                          s/ Cameron McGowan Currie
                                          CAMERON MCGOWAN CURRIE
                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 8, 2013

---

   [3]  Judge Currie requires that pretrial briefs be filed with the Clerk of Court as part of the public record and served on opposing parties.