IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Wendy A. Bouchard, | ) | C/A No. 3:11-982-CMC-SHV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| John E. Potter, Postmaster General | ) | |
| United States Post Office, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Through this action, Plaintiff, Wendy A. Bouchard ("Bouchard"), seeks recovery from her former employer, Postmaster General John E. Potter ("Potter"), for alleged gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). Bouchard also advances state-law causes of action relating to her termination.

The court previously granted partial summary judgment, adopting, in part, a Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges. Dkt. No. 27. The court declined to adopt the Report only to the extent doing so would have foreclosed a claim for *quid pro quo* discrimination. The decision not to foreclose such a claim was based on Potter's failiure to present any opposition to this characterization of Bouchard's Title VII claim, despite two opportunities to do so.[1]  Thus, the order granting partial summary judgment left only a possible claim for *quid pro quo* discrimination.

---

[1] Bouchard characterized her claims as including a claim for *quid pro quo* discrimination in her response to Potter's motion for summary judgment. Potter did not file a reply in support of this motion, thus leaving Bouchard's characterization of her claim unchallenged. Bouchard again characterized her claims as including a claim for *quid pro quo* discrimination in her objection to the Report. Again, Potter filed no reply.

Following issuance of the Opinion and Order granting partial summary judgment, Potter filed a motion to dismiss the *quid pro quo* claim or to reconsider this court's prior ruling. Potter argues that the court "lacks subject matter jurisdiction over the *quid pro quo* claim because it was not raised during the administrative complaint process and was not investigated." Dkt. No. 28-1 at 1. Potter also argues that "the *quid pro quo* claim is not set out in the complaint and was not addressed in discovery." *Id.*[2] These arguments are supported by multiple documents attached to the motion.

Bouchard opposes Potter's motion to dismiss or reconsider, relying, in part, on the standards applicable to motions to alter or amend judgments. She characterizes Potter's arguments as asserting that Bouchard did not previously argue "that her termination was part of her sex harassment claim." Dkt. No. 29 at 1; *see also id.* at 2 (same).[3] Quoting her own deposition testimony that her superior's mistreatment began when Bouchard "turned down all of [the superior's] little innuendos and jokes and made it clear that I'm not gay[,]" Bouchard *argues* that the mistreatment began when she "made it clear she did not have any interest in a lesbian relationship." *Id.* at 2 (quoting Bouchard dep. at 88). Bouchard, nonetheless, concedes that her superior never made any sexual overtures. Dkt. No. 29 at 3 (quoting Bouchard dep at 96-97). Bouchard explains that, after she "made it clear she had

---

[2] Potter's first argument, that the court lacks subject matter jurisdiction, properly rests on Fed. R. Civ. P. 12(b)(1). His second argument is better characterized as an argument for summary judgment under Fed. R. Civ. P. 56, because it is founded on a lack of fair notice of any *quid pro quo* claim during the course of the proceedings here, rather than on the absence of subject matter jurisdiction due to a failure to raise a *quid pro quo* claim in pre-suit administrative proceedings..

[3] Bouchard misreads Potter's arguments. Potter does not argue that Bouchard failed to allege that her "termination was part of her sex harassment claim." Neither does Potter suggest that Bouchard failed to exhaust administrative remedies as to any claim that she was terminated because of her gender (or, more accurately, sexual orientation). Instead, Potter argues that Bouchard failed to exhaust administrative remedies or adequately plead any claim that her termination (or other discriminatory treatment) was the result of *quid pro quo* discrimination.

no interest in a lesbian relationship," (quote of argument), her superior "started getting more mean, back to yelling at me in the morning" (quote from deposition).  *Id.*

## DISCUSSION

**Nature of Motion.**  For several reasons, Potter's motion is best construed as a new motion to dismiss for lack of subject matter jurisdiction and, alternatively, as a new motion for summary judgment as to the recharacterized claim, rather than a motion for reconsideration of the prior summary judgment order.  First, the court has never ruled on the merits of the issue central to this motion.  Instead, the court *declined* to rule on whether Bouchard had stated a claim for *quid pro quo* discrimination because Potter had never argued the point.  Further, as is now clear, Bouchard first characterized her discrimination claim as a *quid pro quo* claim in her response to Potter's motion for summary judgment.

Certainly, the better course would have been for Potter to address Bouchard's characterization of her claims as including a claim for *quid pro quo* discrimination by filing a reply in support of summary judgment or a reply in opposition to Bouchard's objection to the Report.  Had he done so, the court would have considered the arguments now raised before entering its earlier order.  That said, the court recognizes Potter may have been dissuaded from filing a reply by Local Civil Rule 7.07, which states that "[r]eplies to responses are discouraged," though it lists circumstances under which replies may be appropriate (*e.g.*, "to reply to matters raised initially in a response to a motion").[4]  For all of these reasons, the court analyzes the motion primarily as a new

---

[4] Replies are discouraged for at least two reasons: (1) to discourage repetition of arguments included in an opening memorandum; and (2) to discourage parties from raising new arguments for the first time on reply if those arguments could have been raised in the opening memorandum. Replies are, on the other hand, the appropriate means for responding to arguments made in an opposition memorandum that could not have been anticipated when the opening memorandum was filed.  A reply would, therefore, be appropriate (and arguably expected) if the opposing party recharacterizes her claim in an opposing memorandum in a way not discussed or anticipated during discovery or, as here, in the course of a pre-suit administrative investigation.

motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and, alternatively, as a new motion for summary judgment on the recharacterized claim.

Even if the court were to analyze the motion as a motion to reconsider, it would not strictly apply the standard for motions to alter or amend a judgment. That standard, though normally applied by analogy to motions for reconsideration of non-final rulings, is not strictly applicable here because no judgment has been entered.[5] In the present case, failure to consider Potter's motion would risk wasting judicial resources on the trial of a case over which the court lacks subject matter jurisdiction – an issue which might be raised *sua sponte* either by this court or an appellate court court at any stage in the proceedings. Thus, judicial economy, which underlies the general rule disfavoring motions to reconsider, here favors consideration of Potter's motion.

**Merits.** The materials submitted by Potter include extensive documentation from pre-suit administrative proceeding that were not previously before the court. Nothing in these documents suggests Bouchard asserted a *quid pro quo* claim in her initial filings or later in the administrative proceedings. Neither is there any indication the reviewing agency construed Bouchard's allegations as asserting a *quid pro quo* claim during the course of the investigation. At most, these documents suggest that the discriminatory motive was not so much Bouchard's gender *per se* as her sexual orientation.

---

[5] Rule 59(e) allows the court to alter or amend an earlier judgment "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).

Plaintiff's deposition responses given in this case confirm this characterization of her claim. She testified that her harsh treatment began when she let her superior know she did not appreciate the superior's "little innuendoes and jokes and made it clear that I'm not gay." Bouchard dep. at 88. She also confirmed that her superior did not make any sexual overtures towards her. *Id.* at 96-97. Thus, not only did Bouchard fail to exhaust administrative remedies as to any *quid pro quo* claim (precluding the existence of subject matter jurisdiction), she also failed to give fair notice during the course of these proceedings (prior to her response to Potter's post-discovery motion for summary judgment) that she intended to advance a *quid pro quo* discrimination claim.[6]

## CONCLUSION

For the reasons set forth above and as more fully explained in Potter's memorandum, the court grants Potter's motion to dismiss Bouchard's action for lack of subject matter jurisdiction to the extent she seeks to assert a claim for *quid pro quo* discrimination. In the alternative, the court construes Potter's motion as a new motion for summary judgment and grants that motion because Bouchard did not give timely notice of her intent to advance a *quid pro quo* claim.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 29, 2013

---

[6] The lack of notice goes not to the existence of subject matter jurisdiction, but to the scope of the claims at issue in this action. Thus, this argument is better characterized as an argument in favor of a renewed motion for summary judgment based on Bouchard's belated characterization of her claim (in response to Potter's motion for summary judgment) as one alleging *quid pro quo* discrimination.

5